IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL D. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-193-T |
| | ) |
| RANDALL WORKMAN, Warden, | ) |
| | ) |
| Respondent. | ) |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Petitioner has timely objected to the Report, which recommends dismissal of the Petition as untimely pursuant to 28 U.S.C. § 2244(d). The Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, based on three claims of error in a state criminal case, No. CRF-89-67, in the District Court of Canadian County, Oklahoma, where he was convicted upon a plea of guilty and sentenced to life imprisonment for robbery with firearms after former conviction of two or more felonies. All three claims seek a withdrawal of his guilty plea on federal constitutional grounds: (1) denial of due process due to an alleged breach of the plea agreement to run the life sentence concurrently with sentences imposed in other criminal cases against him in Oklahoma County and Grady County; (2) ineffective assistance of trial and appellate counsel due to alleged deficiencies in his attorney's performance with regard to the plea agreement and the lack of an appeal; and (3) denial of due process and double jeopardy arising from the alleged interrelatedness of the Canadian County and

Oklahoma County offenses. Judge Purcell does not reach the merit of these claims. In his Report, Judge Purcell finds the Petition is time-barred and recommends the Court grant Respondent's motion to dismiss.

In his objection, Petitioner "does not dispute the fact that review of his convictions, absent some exception to the AEDPA's one year provision [of 28 U.S.C. § 2244(d)(1)(A)], would have been barred by the AEDPA limitation period on April 24, 2007." *See* Pet'rs Objection [Doc. 18] at 1. Petitioner instead disagrees with Judge Purcell's analysis under 28 U.S.C. § 2244(d)(1)(D) that the date on which the factual predicate of the claims could have been discovered was September 27, 2004. Petitioner contends that under the unique facts of this case – where the alleged breach of the plea agreement is the failure of the Oklahoma County judgment to reflect the concurrent nature of his prison sentences – he could not have known the factual predicate of his claims until the District Court of Oklahoma County denied his motion to correct the judgment. *See* Pet'rs Objection [Doc. 18] at 3 ("It was the Trial Court's refusal to correct the Judgment and Sentence upon motion for Nunc Pro Tunc that the Breach of Plea occurred.") This event occurred on April 12, 2005.[1] The Court finds, however, that even if one accepts Petitioner's view of his claims, this difference would not affect the timeliness of the Petition.

Assuming the applicable one-year period began to run on April 12, 2005, the timeliness of the Petition filed on January 29, 2007, still depends on the applicability of statutory and equitable tolling doctrines. Otherwise, the one-year limitations period expired on April 12, 2006. Concerning statutory tolling, Petitioner seeks the benefit of both a mandamus petition filed with the Oklahoma

---

[1] *While acknowledging this event occurred on April 12, 2005 see Pet'rs Objection [Doc. 18], Ex. 1 (time line), Petitioner nevertheless utilizes the date of May 12, 2005, on the theory that he had thirty days to appeal the order refusing to correct the judgment. In so doing, Petitioner mistakenly seeks the benefit of a rule that applies only under § 2244(d)(1)(A), where the operative event is the finality of the judgment.*

Court of Criminal Appeals (OCCA) to compel the District Court of Oklahoma County to correct the judgment and a post-conviction application filed in the Canadian County case.

As to the mandamus petition, the statute is clear that tolling applies only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2241(d)(2). The mandamus petition was not such an application because OCCA determined it was untimely under the procedural rules of that court. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) ("By not filing for mandamus relief from the OCCA within thirty days after the state district court denied relief, [petitioner] failed to comply with the procedural rules of the OCCA"); *see also Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) ("state procedural law must govern when determining whether a state petition is 'properly filed'"). If the post-conviction application in Canadian County was effective to toll the running of the limitations period, however, then Petitioner would gain an additional 182 days from the filing of the application on February 17, 2006, to the conclusion of an unsuccessful appeal on August 18, 2006. This would extend the time to file a federal petition, at most, from April 12, 2006, until October 13, 2006, without equitable tolling.

Petitioner objects to Judge Purcell's finding that he has failed to allege a sufficient basis for equitable tolling. In Petitioner's prior filings, he asserted that inmates were denied access to the law library at his place of incarceration from July 10, 2005, to September 22, 2005, due to a riot or disturbance. These facts, if true, would not have prevented a timely filing of a federal petition in 2006. *See Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (finding petitioner had failed to show equitable tolling should apply where he had "not shown this lack of access [to the law library] caused his delay in filing"). For the first time in his objection, Petitioner alleges as an additional

basis for equitable tolling that "he suffered from a medical condition that had just been diagnosed" that caused severe headaches, frequent medical visits, and impaired vision. *See* Pet'rs Objection [Doc. 18] at 5. Petitioner does not specify the date on which this condition allegedly began or the time period during which it allegedly affected his ability to file a petition. In fact, Petitioner does not allege that it prevented him from filing a timely federal petition, only that it required him to rely on other inmates for assistance and to work in the law library where there was better lighting. Thus because Petitioner's bare allegation of a medical impairment does not provide a sufficient basis for equitable tolling, the Court declines to consider this new matter raised for the first time in objection to Judge Purcell's Report.

Therefore, upon *de novo* consideration of the issues, the Court finds the Petition is time-barred. The Court thus adopts the Report and Recommendation [Doc. 17] and grants Respondent's Motion to Dismiss [Doc. 13].

The Court dismisses the Petition as untimely under 28 U.S.C. § 2244(d). Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of June, 2007.

---
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE